IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:21-00216

AUSTIN BRUCE JEFFREYS

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Austin Bruce Jeffreys' Motion to Dismiss the Indictment under the Second Amendment. ECF No. 29. The Court held a hearing on the motion on October 31, 2022. For the following reasons, the Court **DENIES** the motion.

On October 27, 2021, Defendant was indicted on three gun charges. Count One charges him with Conspiracy to Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(o). Count Two charges him with Use and Carry of a Firearm and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Count Three charges him with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In his motion, Defendant argues that, pursuant to the United States Supreme Court's recent decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), these charges should be dismissed for violating his right to bear arms under the Second Amendment.

In *Bruen*, the Supreme Court did away with a means-end analysis to determine if a regulation could withstand Second Amendment muster and, instead, directed courts to consider

the historical landscape. 142 S. Ct. at 2126. Specifically, the Supreme Court stated that, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2129–30. Only after the government makes such a showing "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id*. at 2130 (internal quotation marks omitted). With this in mind, Defendant argues the charges against him are unconstitutional because they were not contemplated by the framers of the Constitution.

However, relying upon dicta in its earlier decisions of *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), the Supreme Court emphasized that it was concerned about "how and why the regulations burden a *law-abiding citizen's* right to armed self-defense." *Id*. at 2133 (italics added); *see Heller*, 554 U.S. 570, 625-26 (2008) (stating, "[a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" and "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes"); *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (reaffirming *Heller's* instruction that there can be limits to rights secured under the Second Amendment for such things as regulations prohibiting felons from possessing firearms). The distinction *Heller* and *McDonald* drew between law-abiding citizens and non-law-abiding ones clarified the bounds of the Second Amendment. The Supreme Court's decision in *Bruen* did not change that distinction. Thus, this Court finds nothing in *Bruen* that suggests Congress cannot act within the confines of the Second

Amendment by prohibiting felons from possessing firearms as contemplated by 18 U.S.C. §§ 922(g)(1) and 924(a)(2) or prohibit the use of a firearm during and in relation to a drug trafficking crime, or conspiracy to do so, as found in 18 U.S.C. § 924(c)(1)(A) and (o). *See Bruen*, 554 U.S. at 626 (echoing *Heller* and *McDonald* by reiterating that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons" (Kavanaugh, J., concurring; joined by Roberts, C.J.)); *United States v. Snead*, No. 1:22-CR-033, 2022 WL 16534278, at *1 (W.D. Va. Oct. 28, 2022) (discussing *Bruen* and holding the Second Amendment does not guarantee a right to possess a firearm in furtherance of a drug trafficking crime). Accordingly, the Court finds the charges against Defendant do not violate the Second Amendment and **DENIES** his Motion to Dismiss the Indictment. ECF No. 29.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 1, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE